## CIRCUIT COURT OF ROANOKE COUNTY

Oakey Horsley Gearheart

v.

Alfred Clarence Gearheart

### March 24, 1967

By JUDGE F. L. HOBACK

The question presented in the instant case is whether or not a divorce can be granted under Section 20-91(9) of the 1950 Code of Virginia, as amended, where one of the parties is insane.

Under the section referred to, the only apparent prerequisite for a divorce is that:

the husband and wife have lived separate and apart without any cohabitation and without interruption for two years.

There was no divorce at common law, and, accordingly, the jurisdiction to grant divorce is purely statutory, and the grounds are only those set out in the Statutes. (See Phelps, *Divorce and Alimony In Virginia and West Virginia*, Second Edition, page 64.)

For many years no divorce could be obtained where either party was insane whether the insanity occurred before or after the grounds for divorce arose. However, Section 20-93 of the Code of Virginia now specifically provides that where the suit for divorce is for:

wilful desertion or abandonment, it shall be no defense that the guilty party has, since the commencement of such desertion, and within

one year thereafter, become and has been adjudged insane.

Accordingly, it is well recognized now that where the wilful desertion occurred prior to the insanity that the divorce can still be obtained.

The above referred to Section 20-91(9) does not refer to wilful desertion or abandonment, but simply recites that a divorce can be obtained where the husband and wife have lived separate and apart without any cohabitation and without interruption for two years. In construing this Section, our Court of Appeals in the recent case of *Canavos* v. *Canavos*, 205 Va. 744, 139 S.E.2d 825 (1965), stated that the object of the Legislature in adding subdivision (9) was to grant a divorce to either spouse when they had lived separate and apart without interruption for three years, (now two years) regardless of fault, on the theory that society would be better served by terminating marriages in law which have ceased to exist in fact.

Insanity is a ground for divorce in thirty or more states. See Phelps, *supra*, page 81. While this is not specifically a ground in Virginia, nevertheless, Section 20-93, above referred to, clearly indicates a legislative intent to relax the former strict rule that insanity at any time would bar the obtaining of a divorce. It would thus appear that if a husband wilfully deserted his wife on one day and became insane the next day, that under said section after one year the wife could obtain a divorce on the grounds of wilful desertion even though it might be reasoned that if the husband had not become insane, he could have made an effort to bring about a reconciliation.

The problem under consideration has been discussed by Professor Walter J. Wadlington, III, in 51 *Virginia Law Review*, page 1426, 1429, wherein he states:

> The question of separation during insanity or extreme illness is a more difficult problem, largely because of the extremely mixed feelings about whether insanity should be a ground or defense to a divorce action. At one time the Virginia courts held that insanity of a spouse

commencing after the date of his desertion or abandonment but before the running of the statutory period for divorce on such a ground acted as a bar to a divorce action. This rule was changed by a statute which was subsequently upheld by the Court of Appeals. It thus seems that there is no strong public policy in Virginia to the effect that insanity is in itself enough to bar a divorce action under a theory such as inability to defend the suit. And under the interpretation of the separate-and-apart statute by the Court in *Canavos*, there would seem to be no objection to granting a divorce on the ground of two years' living separate and apart if the marriage had de facto ceased to exist. Adequate financial safeguards are present in the provisions of section 20-107. Certainly this approach is far more satisfactory than that taken in a number of states which require a showing of "incurable" insanity for a particular period of time, and generally also require the presence of the mentally ill person in an institution.

The facts in the instant case clearly show that the parties have lived separate and apart since the year 1941; that prior thereto the husband, who had been committed to a mental institution as an insane person, about thirty-four years ago, came home on a furlough, and in 1941 tried to kill the complainant and was sent back to Western State Hospital and has remained there ever since. Certainly in the words of the *Canavos* case "society would be better served by terminating this marriage in law which has ceased to exist in fact." (*Canavos* v. *Canavos*.) Our Court of Appeals has specifically held in construing Section 20-91(9) that fault in bringing about the separation is not material insofar as the granting of the divorce is concerned. (See *Canavos* v. *Canavos*, *supra*.) And said section does not make any exceptions as to why the parties have lived separate and apart without any cohabitation and without any interruption for two years.

Consequently, in view of the legislative trend not only as reflected in said section, but also as referred

to in Section 20-93, and as interpreted and construed by our Court of Appeals, there seems to be no valid reason why the divorce should not be granted in the instant case, and, accordingly, a Decree may be presented awarding a divorce from the bonds of matrimony.